## IN THE MATTER OF THE NIAGARA INSURANCE COMPANY OF NEW YORK.

Under the act to provide for the dissolution of incorporated insurance companies in the city of New York, passed April 5, 1817, the Court of Chancery should exercise the same discretionary power in decreeing a dissolution, as the legislature would, in case the latter were applied to by the directors of the company for a repeal of the charter.[1]

The court is not bound to decree a dissolution of the corporation, simply because a majority of the directors and stockholders request it to be done.

But where the owners of a large proportion of the stock find it for their interest to withdraw their capital, it will be deemed presumptive evidence, that the interest of the stockholders generally will be promoted by a dissolution of the corporation.

Nov. 20th.

G. GRIFFIN, on behalf of a majority of the directors and stockholders of the Niagara Insurance Company, moved for a decree to dissolve the corporation, under the Act to provide for the dissolution of incorporated insurance companies in the city of New York, passed April 5th, 1817. He contended that public policy was not one of the grounds put forth in the statute as a cause either for or

[1] See 2 R. S. (4th ed.) 710, sec. 75.

against a dissolution. The *true and the only question was, whether the interest of the stockholders required a dissolution of the corporation or not. There could be no better criterion as to this point, than the opinion of the owners of the stock themselves. The petitioners in this case were all practical men. They represented nine-tenths of the stock. The Chancellor, under this statute, acts as a commissioner. His powers are ministerial only. The 4th section of the act points out the circumstances to be considered by the Chancellor. It declares that he is to have regard to the interest of the stockholders in making his decision.

1828.

In the Matter of the Niagara Ins. Co.

*B. Robinson & J. Duer*, contra:—The petitioners ought to show good reasons for a dissolution of the corporation, independent of the mere will of the majority. To dissolve this corporation would be a dangerous precedent. It would open a door to the commission of frauds upon stockholders. Speculators might obtain the control of the company, contrive to depreciate the stock in the market, then buy it in and apply for a dissolution, and pocket the spoils. The will of the majority ought not to control, if it would lead to positive injustice. The power of this court is limited. It cannot act unless certain facts specified in the statute are made to appear. The legislature did not intend that the will of the majority should be the only thing necessary to a dissolution; if they did, they would not have required any application to the court. The court will not dissolve the corporation, unless it is of opinion that a dissolution is either necessary or would be beneficial to the stockholders. The public are concerned in this question. If the doctrine of the opposing counsel be correct, all the insurance companies might be successively swept away by speculators. The stock does not always command a price in proportion to its actual value.

THE CHANCELLOR:—In this case, it appears that the original amount of capital stock was half a million of dol-

1828.

In the Matter
of the Niagara
Ins. Co.

lars, divided into 10,000 shares, of which something more than eleven hundred belonged to the company, and the rest to individual stockholders. A majority of the directors, *and the owners of more than three-fourths of the stock, apply for a dissolution of the incorporation, on the ground that it is for the interest of the stockholders. The owners of about one-ninth of the stock remonstrate against the dissolution of the company, and some of them swear to their belief that the business of the company may be made profitable. The residue of the stockholders have neither applied for the dissolution, or made any objection thereto.

In deciding upon the propriety of a dissolution, in the cases provided for in the act under which these proceedings have taken place, this court should exercise its discretionary power, and decree a dissolution, under the same circumstances which would induce the legislature to repeal the act of incorporation, on the application of the directors. The court is not bound to decree a dissolution merely because a majority of the directors and stockholders request it to be done. But when the owners of a very large proportion of the stock find it for their interest to vest their capital in something more productive, it is strong evidence that the interest of the stockholders generally will be promoted, by allowing them to withdraw their capital and discontinue the business of insurance. In such a case, the particular interest of the few must give way to the general interest of the many. The fact that insurance stock, where the capital is perfectly sound, is below par in the market, is of itself strong evidence that the capital of such companies may be employed more profitably, or at least more safely, in some other business. In this case, the wishes of this very small minority of stockholders must give way to the interest of such a large majority, and the corporation must be dissolved.

There must be a reference to a master to report proper persons as trustees, and the amount of security to be given by them for the faithful execution of their trust.