LANDON, J.
The petition of the directors of the manufactur ing corporation the Hitchcock Manufacturing Company, upon which the orders appointing temporary receivers of the company and granting an injunction against creditors were made by the special term, is challenged upon the ground that the allegations thereof fall short of the requirements of the Code (sections 2419-2431) relating to proceedings for the voluntary dissolution of a •corporation. The petitioners first allege that they contitute all the directors of the company, having the management of its concerns, and their petition thus proceeds:
“That your petitioners have discovered that the stock, effects and other property of said corporation are not sufficient to pay all just demands for which it is liable, or to afford a reasonable security to those who may deal with it; and they deem it beneficial to the interests of the stockholders that the said corporation should be dissolved. That the principal office of the said, corporation is located in the village of Cortland, Cortland county, New York. That your petitioners have annexed to this petition a schedule, marked ‘schedule A,’ containing a statement of the matters required by section 2491 of the Code of Civil Procedure, as far as your petitioners know, or have the means of knowing, the same. Wherefore your petitioners pray for a final order of this court dissolving the said corporation, and appointing James Devine and Caleb B. Hitchcock receivers of its property and effects, and for such other and further relief as may be proper.”
The paragraph first quoted is a sufficient compliance with section 2419, authorizing the presentation of the petition. Section 2421 provides that the petition “must state the reasons which induce the petitioner or petitioners to desire the dissolution of the corporation.” The petition does not, in terms, allege that the facts which, under section 2419, authorize them to make the petition, constitute the reasons that section 2421 requires them to state, which induce them to desire the dissolution of the corporation. The facts which give them the right to petition might be widely different from the real reasons which induce them to desire the dissolution of the corporation. In re Pyrolusite Manganese Co., 29 Hun, 431, it was held “that something more than a statement in the language of the statute was required,” and that the reasons must be given showing why the dissolution of the corporation was desired.
But we pass from this criticism to matters of greater substance. Section 2421 requires that a “schedule must be annexed to the petition containing the following matters,” and then follow seven *48 specifications of requirements, the object of which is to secure a schedule of all the assets and liabilities of the company, with such fullness of detail as well, as nearly as is practicable, clearly and truthfully present the actual financial situation of the corporation. Here a schedule is presented, not above criticism as to some of its important items, from which it appears that the assets of the company were, at the date of the petition, $278,231.64, and its liabilities, $189,887.67, thus leaving a surplus of assets of $88,343.97, and thus showing that the corporation was solvent. Section 2433 provides:
“If it shall be made to appear to the satisfaction of the court that the corporation is insolvent, the court may at any stage of the proceeding, before the final order, on motion of the petitioners, on notice to the attorney general, or on motion of the attorney general on notice to the corporation, appoint a temporary receiver of the property of the corporation.”
The special term, upon the presentation of this petition and schedules, verified by the affidavits of the petitioner, appointed temporary receivers. It is plain that no case was made showing the insolvency of the corporation, and therefore no case for a temporary receiver. If no receiver should have been appointed, no injunction against the creditors of the corporation should have been granted. Section 2423; In re Binghamton General El. Co., 143 N. Y. 261; 62 St. Rep. 154. The motion of the appellants, creditors of the' Hithcock Manufacturing Company, to vacate the orders above referred to, was based upon the original papers upon which the orders were made, and affidavits to give them a standing in court. The orders sought to be vacated were entered July 15, 1895. The motion to vacate came on to be heard November 18, 1895. The counsel for the receivers and petitioners moved for an amendment of the schedule attached to the original petition of the directors, and for leave to read affidavits in support of such motion. The court permitted two affidavits to be read. One of these affidavits, verified November 22, 1895, was made by one of the directors who made the original petition and schedules, and who was appointed one of the temporary receivers. He states in his affidavit “that the values of the real, and personal property mentioned in the shedule and inventory attached to the petition were taken at-the amounts which the same cost, including repairs and betterments, and the choses in action were taken at their face value as appeared on the books of said corporation; that the real value of said real and personal property is much less than the sum stated in said schedule and inventory, by reason of the deterioration thereof by use and improvements in machinery, and the fact that they are adapted to manufacturing purposes only, and of little use for other purposes than those for which they were intended ”; but the amount of such deterioration is not stated, and he adds that the choses in action therein set forth would not exceed in value 50 per cent, of the value thereof stated in the inventory. The affidavit of the other temporary receiver was also read, in which he states that from his investigations made since his appointment “ he is of the opinion that the real property *49 mentioned in said inventory at the value of $158,300 is of a real value not exceeding thirty per cent, of said sum, or about $47,-490, * * * and that the personal property other than those choses in.action mentioned in the inventory at the value of $96,-030.19 is of a real value not exceeding two-thirds of said sum, or about $64,020.13; * * * that"the real value of the total assets of said Hitchcock Manufacturing Company on said 13th day of July, 1895, did not exceed the sum of $107,455.81, * * and that, in deponent’s opinion, on the 13th day of July, 1895, said Hitchcock Manufacturing Company was hopelessly and irretrievably insolvent.” The special term in- the order as finally settled, ordered that the schedule attached to the original petition be amended to conform to said affidavits by adding thereof nunc pro tunc the following:
The value of assets are stated at their nominal or face value. The real value of said assets is as follows, viz. :
Real property, about.....................*.... $47,490 00
Personal property, other than choses in action, about.................................. 64,020 13
Book accounts and choses in action............. 11,950 72
Total amount of real assets................$123,460 85
The notice of appeal brings up this amendment for review.
We think these affidavits ought not to have been received to support orders based upon a different statement of facts. They were made more than four months after the appointment of the receivers, and in contemplation of the fact that the purposes for which this property was especially fitted no longer gave it value. We think what it was worth as a wreck was not evidence of its value as a plant before the wreck occurred. The original petition and schedule were verified in respect to an active, organized, productive property. Four months later -it was the property of a company apparently in the final stages of dissolution. We think the change in value thus wrought should not be resorted to to make a case which the original affidavits did not present. Besides, the amendment made in the schedule was not authorized by the Code of Civil Procedure. Section 2427 provides, as amended in 1894:
“ That the court may, at any stage of the proceedings before final order, on the application of the petitioners or a majority of them, or on application of the temporary receivers, grant an order amending the schedules annexed to the original petition, by the insertion of additional items, or by making the statements or inventory fuller and.in greater detail than as originally filed, with the like effect as though said petition and schedule had been originally presented and filed as amended.” Laws 1894, p. 474.
The amendment is not in any just sense the insertion of “ additional items," “ making the statements or inventory fuller and in greater detail than as originally filed,’.’ but is a radical change of the statement of the value of the assets.
*50 It was suggested in behalf of the respondents that it would be unwise to vacate the orders at this late day. It was intimated by the'appellants that under a scheme like this a few of the more wealthy parties in interest could purchase this plant at their own price. We do not know what the fact may be. This is a statutory -proceeding, and, to be effective, the steps prescribed by the statute must be substantially pursued. We think this had not been done in this case.
The orders appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs.
All concur.