In the Matter of the Application of THOMAS A. McLOUGHLIN, Appellant, a Stockholder and Director of McLOUGHLIN & DONOVAN, INC., a Corporation, Respondent, for the Voluntary Dissolution of Said Corporation.           ·

First Department, February 23, 1917.

Corporations — voluntary dissolution — practice — contents of petition — General Corporation Law, sections 170, 172 and 174, construed — notice to Attorney-General.

Where a petition for the voluntary dissolution of a corporation pursuant to section 172 of the General Corporation Law sets forth that there is a deadlock between the stockholders, the petitioner owning fifty per cent of the stock, and that a dissolution will be beneficial to the interests of the stockholders in that the other stockholder, together with a dummy stockholder under his control, who together owned the other fifty per cent of stock, removed the petitioner from office as treasurer, excluded him from the management of the business, refused to allow him to examine the corporation's books, and that they have appropriated the money of the corporation and wasted it in extravagant expenditures, etc., to the loss of the petitioner's investment, it sufficiently complies with the requirements of sections 170, 172 and 174 of the General Corporation Law so as to warrant an order appointing a referee and requiring all interested parties to show cause before him why the corporation should not be dissolved.

Such petition for a voluntary dissolution need not allege that a majority of the managing directors or trustees deem it beneficial to the interests of the stockholders that the corporation be dissolved.

Section 174 of the General Corporation Law should be construed to mean that the petition must show that the case is one of those specified in section 170 *or* 172 of this chapter; that is to say, it need not be shown that the case comes within sections 170 *and* 172, for the word "and" as used in said clause should be construed to mean "or."

Under the proper construction of said statutes the owners of fifty per cent of the stock have a right to present a petition to the court for a dissolution under section 172, without regard to any action of a majority of the directors under section 170, and similarly a majority of the directors may file a petition for dissolution irrespective of any of the provisions of section 172.

*It seems,* that it is proper to give the Attorney-General notice of an application to vacate an order for the voluntary dissolution of a corporation.

APPEAL by Thomas A. McLoughlin, the petitioner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of January, 1917, vacating an order appointing a referee and directing all persons interested in the respondent to appear before him and show cause why the said corporation should not be dissolved, and dismissing the petition herein.

*Almet Reed Latson,* for the appellant.

*M. M. Leichter,* for the respondent.

DAVIS, J.:

This is a proceeding to dissolve a corporation under article 9 of chapter 28 of the Laws of 1909, known as the General Corporation Law (Consol. Laws, chap. 23). Pursuant to section 172 of the act, the appellant, upon notice to the Attorney-General, presented to the Special Term of the Supreme Court a petition praying for a final order dissolving McLoughlin & Donovan, Inc., a domestic corporation. The court entertained the application and made an order under section 178 of the act (as amd. by Laws of 1909, chap. 240) requiring all persons interested in the corporation to show cause before a referee named in the order why the corporation should not be dissolved. Thereafter, on motion of the respondent corporation, the court vacated the order appointing a referee as well as all proceedings taken thereunder, and dismissed the petition herein. The appellant has appealed from the latter order.

It appears from the petition that the petitioner is one of the directors of the McLoughlin & Donovan corporation; that the others are Richard J. Donovan and Thomas J. Evers; that the petitioner owns fifty per cent of the stock, and that Donovan

owns the other half, except one share given to Evers to qualify him as a director. The petitioner also alleges pursuant to sections 170 and 172 of the act, that he deems it beneficial to the interests of the stockholders that the corporation should be dissolved. Section 170 of the act requires this allegation. Then follow allegations showing the grounds of the petitioner's belief that the best interests of the stockholders demand a dissolution. The petition brings this application clearly within the provisions of section 172. It is alleged that the stock is equally divided between conflicting interests; that Evers as the dummy director under the control of Donovan voted with Donovan and removed the petitioner from the office of treasurer; that Donovan has excluded petitioner from any part in the management of the business and has refused to allow him to examine the corporation's books; that he has misappropriated the money of the corporation and wasted the money of the corporation in extravagant expenditures to the ultimate destruction of the business of the corporation and the loss of petitioner's investment.

In vacating the order appointing a referee the learned court at Special Term took the view that the petition disclosed merely a deadlock between the stockholders and failed to show any reasons why a dissolution would be beneficial to the stockholders, and, therefore, was insufficient to entitle the petitioner to the order appointing the referee under section 172 of the act. We are of opinion that the petition is sufficient in both respects. It alleges the deadlock between the conflicting interests in the corporation and as shown above it also sets forth reasons showing that a dissolution would be beneficial to the stockholders. Section 172 provides that in case of a deadlock such as that existing here a stockholder or stockholders "may present a petition as prescribed in section one hundred and seventy * * *;" that is, where, as in this case, stockholders owning fifty per cent of the stock for any reason "deem it beneficial to the interests of the stockholders that the corporation should be dissolved, they may present a petition to the Supreme Court praying for a final order dissolving the corporation * * *."

The contents of the petition are prescribed by section 174 (as amd. by Laws of 1909, chap. 240). Among other things the

petition must state the reasons which induce the petitioners to desire the dissolution of the corporation. The petition under consideration specifies such reasons quite fully. Section 174 also requires that the petition must show that the case is one of those specified in sections 170 and 172. The respondent contends that because the petition fails to allege also that a majority of the managing directors or trustees deem it beneficial to the interests of the stockholders that the corporation should be dissolved as set forth in section 170, the petition is insufficient under section 174. There is no merit in this contention. If it prevailed, a majority of the directors could not apply for a dissolution of the corporation even in case of insolvency of the corporation without alleging in their petition that there was a deadlock under section 172. If the owners of fifty per cent of the stock must allege in their petition facts bringing them within both sections 170 and 172, the petition of a majority of the directors must contain similar allegations because section 174 applies to all petitioners alike. The construction suggested by respondent would render unworkable the method of dissolving a corporation prescribed by this statute. As a matter of first impression it would seem that under section 174 the petition must show that the case comes within both section 170 *and* section 172. The difficulty is created by the use of the word "and" where in fact the intention was to use the disjunctive "or." To carry out the evident purpose and plan of article 9 we must construe section 174 as if it read as follows:

"Contents of petition.— The petition must show that the case is one of those specified in sections one hundred and seventy or one hundred and seventy-two of this chapter * * *."

Therefore, we are of opinion that the owners of fifty per cent of the stock have the right to present a petition to the court for a dissolution under section 172, as was done in this case, without regard to any action of a majority of the directors under section 170, and that similarly a majority of the directors may file a petition for dissolution irrespective of any of the provisions of section 172. Having reached these conclusions, it is unnecessary to consider the effect of the failure to give the Attorney-General notice of the application to vacate the original order,

although it seems that under section 312 such notice should have been given.

The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the original order reinstated.

CLARKE, P. J., SCOTT, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and original order reinstated. Order to be settled on notice.