In the Matter of the Petition of SYLVIA BINDER for an Order Dissolving the REDNIB REALTY CORPORATION.

Supreme Court, Special Term, New York County, September 29, 1939.

*Schiff, Dorfman & Stein,* for the petitioner.

*Binder Bros.,* for the respondent.

LEARY, J. This is a motion to vacate a resettled order which directed all interested persons and creditors of the Rednib Realty Corporation to show cause before a referee designated therein why the said corporation should not be dissolved. The proceeding was instituted pursuant to sections 103 and 104 of the General Corporation Law grounded upon a petition which stated that the corporation had only two directors, one the petitioner, the other her husband, the movant herein. The petitioner further claimed to be the owner of one-half of the capital stock, and that the directors were equally divided respecting the management of the corporation. On this application the petitioner not only does not deny that the certificate of incorporation provides that there shall be three directors, but now admits that there are three duly elected directors who constitute the board. However, the petitioner maintains that when the corporation was organized, it was her intention and the movant's that they should constitute the only directors of the corporation in fact, and that a third director was to be a " dummy " elected merely for the purpose of complying with the law, and not to have any voice in its affairs. The movant not only denies this but submits the affidavit of the third director from which it would appear that he is an active participant in the management of the corporation. The petitioner, however, now contends that where there are three directors and of these one represents or owns half the stock and the second represents or owns the other half of the stock and the third represents or owns no stock but is really a dummy director, the holder of half of the stock, being one of the directors, may maintain this proceeding under article 9 of the General Corporation Law.

To support this view she cites the case of *Matter of McLoughlin* (176 App. Div. 653). That case, however, appears to have been decided upon the authority of sections 170 and 172 of the General Corporation Law as it then existed, which provided that in case of a deadlock stockholders owning fifty per cent of the stock may present a petition showing any reason they deem it beneficial to the interests of the stockholders that the corporation should be dissolved, *without regard to any action of a majority of the directors.* The law has since been amended (§§ 103, 104) and now provides:

"§ 103. Petition in case of deadlock. If a corporation has an even number of directors who are equally divided respecting the management of its affairs, the holders of one-half of the stock entitled to vote at an election of directors may present a verified petition for dissolution of the corporation as prescribed in this article."

Section 104 commences as follows:

"§ 104. Contents of petition and schedule. The petition must show that the case is one specified in this article and state the reasons why the corporation should be dissolved. A schedule must be annexed to the petition, containing the following matters as far as petitioner or petitioners know, or have the means of knowing the same."

In *Matter of Feherenbach* (*Disney Hats, Inc.*) (155 Misc. 663) Mr. Justice FRANKENTHALER not only distinguished the *McLoughlin* case, cited by the petitioner, but also stated that section 103 applies only in a case where the corporation has an even number of directors who are equally divided respecting the management of its affairs.

Moreover, there is no merit to the petitioner's present assertion that because the third director is a dummy, the proceeding may be maintained. The fact remains that there are three directors upon whom the law places certain burdens and responsibilities. In the case of *People ex rel. Leach* v. *Central Fish Co.* (117 App. Div. 77) the court stated that " the duty of a director is to direct." And as was stated by Judge CRANE in *People* v. *Marcus* (261 N. Y. 268, 277): " No custom or practice can make a directorship a mere position of honor void of responsibility * * *. No one is compelled to be a director, but once the office is assumed, it carries with it the light burden of active, diligent and single-eyed service."

Upon all the facts it appears, therefore, that the petitioner has not brought herself within the purview of sections 103 and 104 of the General Corporation Law, and that the resettled order to show cause must be and accordingly is vacated.

Submit order.