In the Matter of the Dissolution of KAUFMAN CIRCLE EXPRESS CO., INC.

Supreme Court, Special Term, New York County, July 16, 1941.

*Delatour, Kennedy & Miller* [*Harold M. Kennedy* of counsel], for the petitioner.

*Harry Sena,* for the respondent.

HAMMER, J.   The application presented is by petition and order to show cause for the dissolution of Kaufman Circle Express Co., Inc.

A motion is made by order to show cause intermediary the original application for dissolution.   The only parties appearing in the proceeding are the contesting stockholders.   The application was held in abeyance pending report of the referee appointed to take proof of the facts upon the issues presented.   The referee reports with the recommendation of dissolution.   Respondent objects by affidavit upon the ground that petitioner is responsible for the disagreements between them which the referee reports have resulted in a deadlock.   The evidence taken before the referee shows, and he so reports, and indeed the respondent's evidence and affidavits demonstrate beyond question, that the interests, which are equally divided, of the stockholders are so discordant as to prevent efficient management and that the objects of the corporation cannot be attained under existing conditions.   Of course it would be most desirable for the parties to readjust their differences, as apparently the corporation would then succeed.   But the court has no power which, if exercised, would bring about that result.   Each party admits the referee performed an excellent service in this very respect in addition to the ordinary performance of his function as referee.   The parties nevertheless remain deadlocked.   The owner of fifty per cent of the stock of a corporation has the right to petition the court for dissolution under such cir-

cumstances. (*Matter of McLoughlin*, 176 App. Div. 653; *Matter of Brown Brothers, Inc.*, 111 Misc. 294.) While mere difference of opinion or judgment may not be sufficient reason (*Matter of Pyrolusite Manganese Co.*, 29 Hun, 429) and an even division at a particular time which may be remedied is doubtful ground (*Matter of Friedlieb*, 184 N. Y. Supp. 753), complete deadlock and irreconcilable discordant interests when alleged and shown by facts require that an order of dissolution be granted. (*Hitch* v. *Hawley*, 132 N. Y. 212; *Matter of Woven Tape Skirt Co.*, 8 Hun, 508.) The particular interest of one or several stockholders holding a smaller or equal ·interest must be considered (*Matter of Rateau Sales Co.*, 201 N. Y. 420), but the general interest of the corporation where discord is of such extent and duration as to prevent efficient management and the interests of its creditors are placed in jeopardy require dissolution. (*Matter of Niagara Ins. Co.*, 1 Paige, 258, and authorities cited above.)

The motion to confirm the report of the referee is granted. For the reasons expressed above as well as those stated in the report of the referee, the application for dissolution is granted.

As the corporation is not shown to be insolvent, a temporary receiver will not be appointed. (*Matter of Hitchcock Mfg. Co.*, 1 App. Div. 164.) Whether there should be a permanent receiver, or a referee to sell, or to determine any disputed accounts, are matters which depend largely upon whether the parties can compose their differences to an extent necessary to permit them jointly to wind up the corporate affairs which may involve a sale of physical assets and collection of accounts. These and such issues as stay against dissipation of assets, sale and distribution will be disposed of on presentation of final order, which settle on notice. (See Gen. Corp. Law, §§ 103–119.) Compensation of referee, unless agreed upon, will be fixed on such settlement.