Louis L. Friedman, J.
There are two motions before the court: One is by the petitioners for a final order confirming the report of the Official Referee to whom this proceeding was originally referred, and upon such confirmation, dissolving said corporation and appointing a receiver for its property and assets, and further, requiring that respondent Benjamin Morgenstern vacate the premises owned by the corporation and in which he is a tenant. It is also requested that the corporation be directed to pay the costs and disbursements of the petitioners herein.
By cross notice of motion, respondents have moved that the report be disaffirmed and opposed the other relief requested.
*159 The proceeding before the court was instituted under section 103 of the General Corporation Law for a dissolution of the said corporation. When the matter first appeared before the court, it was referred to the Honorable John MacCratb, an Official Referee of the court, to hear and determine the facts and report thereon. Such hearing has been held and the report has been filed, and it is apparent from said report that the learned Official Referee carefully and diligently inquired into all of the facts and circumstances which brought about the present proceeding. He finds that no harm would come to the public from a dissolution of the corporation and that the best interests of the stockholders thereof require that the corporation be dissolved. It appears without question that the interests of the stockholders are equally divided and that the discord between them has become so great as to prevent efficient management. The principal obstacle to a dissolution appears to be the fact that one of the stockholders, who controls 50% of the issued stock, is the sole tenant of the only building owned by the corporation, and pays a rental which is far below that which is necessary to give the corporation a fair return on the value of the premises. Profiting as he does by his continued occupancy of the premises at the present rental, this stockholder has not consented to the holding of a meeting to elect a board of directors and thereupon to determine a fair rental for the premises, although it is apparent that he had knowledge of the demand for such a meeting. The other original 50% stockholder of the corporation is a brother of this tenant, whose recent death brought about the present acrimony between the parties, for following that death, the surviving brother purchased the decedent’s interest in the business which occupies said property and is the sole tenant therein.
Since there is no other real property owned by this corporation, since there are no funds with which to purchase additional real estate, although the certificate of incorporation indicates that the purpose of this formation was to purchase, own, have and deal in real estate, since it appears that no dividends have been paid at any time, and the corporation is of no appreciable benefit to the stockholders as such, since no harm will come to the public from a dissolution thereof, and since the sole beneficiary of its continued existence would be the surviving brother who is the tenant in the building, the court comes to the conclusion that the corporation should be dissolved because of the foregoing and the complete, irreconcilable and discordant interests which appear (Hitch v. Hawley, 132 N. Y. 212; Matter of Woven Tape Skirt Co., 8 Hun 508; Matter of Kaufman Circle *160 Express Co., 177 Misc. 106). Accordingly, the motion to confirm the Official Referee’s report is granted, the cross motion to disaffirm is denied, and dissolution of the corporation is directed in the manner provided for by law.
There remain to be passed upon several other questions, one of them the application for the appointment of a receiver. The situation presented is rather an unusual one. One of the parties (the respondent) is in an anomalous situation because of his dual capacity. On the one hand, he is a 50% stockholder in the corporation which is to be dissolved, and on the other hand he is the tenant of the landlord corporation of which he so forms a part. Accordingly, the best interests of all concerned will be served by the appointment of a receiver and the motion therefor is granted, and the order to be entered hereon may provide for such appointment.
Insofar as petitioners’ motion seeks an order requiring that the tenant vacate the premises it is denied. This relief is not within the purview and scope of this proceeding, nor are there any grounds presented which would justify the court in granting such relief. The respondent contends that he is a statutory tenant and as such is entitled to invoke the protection of the Commercial or Business Rent Laws. The court agrees with this contention. The fact that this respondent is also a stockholder of the landlord corporation does not change his character or status as a tenant, and unless and until eviction is accomplished in the manner provided by the emergency rent laws, respondent would have a right to remain in the premises. This is so even though his continued tenancy will result in a diminished sale price for the property.
Settle final order on notice in accordance with the disposition made herein, and providing for the payment of costs to petitioner as prayed for, to be paid out of the property of the corporation. Since this is a special proceeding covered by section 1492 of the Civil Practice Act the court is authorized to award costs (Matter of French, 181 App. Div. 719, affd. 224 N. Y. 555).