In the Matter of the Application of Annie Baumann and Charles O. Baumann, for a Dissolution of Willat Studios & Laboratories, Inc., a Corporation.
Adam Kessel, Jr., and Others, Appellants; Annie Baumann and Charles O. Baumann, Respondents.

First Department, May 5, 1922.

Corporations — dissolution where directors and stockholders equally divided with respect to management — order to show cause before referee why corporation should not be dissolved — on resignation of referee before return day court may on notice appoint new referee to attend at time and place specified in original order.

In proceedings to dissolve a corporation on the ground that the directors and the stockholders are equally divided into two independent ownerships or interests respecting the management of the affairs of the corporation, the court has the power, on the resignation of a referee appointed under section 178 of the General Corporation Law in an order to show cause why the corporation should not be dissolved, to appoint a new referee upon notice, and direct him to attend at the time and place specified in the original order for the return thereof and to adjourn the reference to be thereafter held in the office of the new referee to a time to be designated by said referee on the adjournment, where no rights of any one interested in the corporation will thereby be impaired.

Appeal by Adam Kessel, Jr., and others from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of March, 1922, as directs a substituted referee to proceed under the original order of reference as if he had been originally designated as referee therein.

*Cornell, Lockwood & Jeffery* [*John L. Lockwood* of counsel], for the appellants.

*Henry Brill* of counsel [*Arthur S. Friend*, attorney, with him on the brief], for the respondents.

Smith, J.:

Under section 172 of the General Corporation Law, where the directors are equally divided respecting the management of its affairs, or if the stock of the corporation is equally divided into

not more than two independent ownerships or interests, a petition may be made for dissolution of the corporation. In this case the petitioners owned one-half of the stock and constituted an equal half of the board of directors of the Willat Studios & Laboratories, Inc. Adam Kessel, Jr., and Charles Kessel owned the remaining half. The petition shows that the two interests are deadlocked over the management of the corporation, and no question is raised upon this appeal as to the rights to dissolution.

By section 178 (as amd. by Laws of 1909, chap. 240) it is provided that where the application is entertained the court must make an order " requiring all persons interested in the corporation to show cause before it, or before a referee designated in the order, at a time and place therein specified, not less than six weeks after the granting of the order, why the corporation should not be dissolved." An order was made herein pursuant to said section requiring all persons interested in the corporation to show cause before one Samuel Falk, as referee, at the office of Samuel Falk, 291 Broadway, borough of Manhattan, upon a date named at ten o'clock in the forenoon, why the said corporation should not be dissolved. Due publication was made thereof as required by section 179. The attorneys for other stockholders ascertained that the said referee was the attorney in another action involving different matters as against them and representing interests adverse to them. Objection was made thereafter and the referee resigned as such referee, and one Edward D. Dowling was by an order appointed in his place with direction to said Dowling to attend at the office of the said Samuel Falk, 291 Broadway, borough of Manhattan, on the said 31st day of March, 1922, at ten o'clock in the forenoon on the return of the said order to show cause and to adjourn said reference to be thereafter held at his office at a time to be then and there designated by the said referee and thereupon to take such proceedings herein with the same force and effect as if said Edward D. Dowling had been originally designated referee in said order made on February 14, 1922, and this order was made without prejudice to any and all proceedings heretofore had and taken in this proceeding. The validity of this order is challenged by this appeal.

It is not claimed that there is any substantial right of these complaining stockholders and directors that has been in any way impaired. The new referee was required to attend at the time and place specified in the original order. The original order was strictly in accord with the provisions of the statute. If this order appealed from were not properly made a new order would have to be entered and a new publication of the notices to all parties

interested would be required, involving considerable expense and delay while this corporation is blocked in all its proceedings by the equal division of the directors in regard to its management. The substituted referee has been named upon notice with the opportunity to the non-consenting stockholders and directors to make such objection to the referee as they might choose to make. It is undoubtedly true that the proceeding, being purely statutory, is required to be conducted strictly in accordance with the statute. In *Matter of Christian Jensen Co.* (128 N. Y. 550) it is held that the presentation of the petition gives jurisdiction to the court. In *Matter of Lenox Corporation* (57 App. Div. 515; affd., 167 N. Y. 623) the court was declared to have the power to make an order *nunc pro tunc*, when the order did not recite that insolvency had been satisfactorily shown. In the opinion in that case the failure to recite in the order that insolvency had been shown to the satisfaction of the court was held not to vitiate the order. The court said: " Although the order may have been improvidently granted and might be set aside on motion timely made for that purpose, yet, if there be any evidence tending to show the requisite facts, it would give the court jurisdiction to act, and its order was not a nullity. (*Fischer* v. *Langbein*, 103 N. Y. 84; *People ex rel. Cauffman* v. *Van Buren*, 136 id. 252; *Fischer* v. *Blank*, 81 Hun, 579; affd., 144 N. Y. 700.) "

To hold that the court had lost jurisdiction by reason of the declination of the referee to act and the appointment of a new referee upon notice requiring him to attend at the time and place specified in the published order would, in my judgment, be to magnify technicality, where no rights of any one interested in a corporation had been in any way impaired and would add materially to the cost of the proceeding by requiring a new publication and would delay the issuance of the final order of dissolution which would substantially affect the right of the petitioners, stockholders and directors and of all other parties to the proceeding. Such a holding might in many cases involve serious consequences. It would entirely invalidate an order substituting a new referee if the referee originally designated had died. Possibly the new referee might, in such a case, be required to retake evidence that had already been offered in the proceeding before the deceased referee. But, without any claim that substantial rights were affected, it would seem that the new referee might be authorized to act in the place of the deceased referee without requiring the commencement of another proceeding and the republication of the notices required to be published to give notice to any persons having interest in the corporation. In my judgment the court acquired jurisdiction of the proceeding and might lawfully substitute a new referee to

attend at the time and place specified in the order which was, when made, in strict accordance with the provisions of the statute, and the order, therefore, should be affirmed, with ten dollars costs and disbursements.

Inasmuch, however, as the question is novel and the title to some real estate may be involved, the appellants here should have leave to appeal if so advised to the Court of Appeals.

CLARKE, P. J., PAGE and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to appellants, if so advised, to appeal to the Court of Appeals. Settle order on notice.