In the Matter of the Petition of Samuel Greenwald and Paul Greenwald, Respondents, for the Judicial Dissolution of United Kitchen Equipment Co., Inc., a Corporation Organized and Existing under the Laws of the State of New York. Lewis E. Wolff and Celia Wolff, Appellants.— Order made pursuant to article 9 of the General Corporation Law, directing all interested persons to show cause why United Kitchen Equipment Co., Inc., should not be dissolved and appointing a temporary receiver and enjoining creditors from prosecuting any action against the corporation modified by eliminating the provisions with respect to the receiver and the injunction and as so modified affirmed, without costs. Under section 110 of the General Corporation Law, a temporary receiver of the property of the corporation may be appointed only when it appears that the corporation is insolvent. It was not alleged in the petition, nor does it appear, that the corporation is insolvent. Therefore, the court was without power to appoint the receiver; and as the receiver was improperly appointed, there was no authority for the injunctive provision in the order. Section 111 expressly provides that creditors may be enjoined only where a receiver is appointed. If there be a defect in the moving papers because of the failure to annex an affidavit to the schedules, as required by section 105, the defect may be remedied at any time before the final order. (General Corporation Law, § 115.) Sections 105 and 106 of the Stock Corporation Law, relied upon by the Special Term, have no application. They relate to dissolution without judicial proceeding by the filing of a formal certificate of dissolution in the office of the Secretary of State. As the time provided in the order appealed from within which all persons are to show cause

why the corporation should not be dissolved and the publication thereof has expired, new dates will be fixed upon the settlement of the order. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur. Settle order on notice.