In the Matter of GOTHAM TISSUE CORPORATION. MICHAEL GILMAN et al., Appellants; BENJAMIN F. PICOLA et al., Respondents.— In the Matter of GOTHAM PAPER MILLS, INC. MICHAEL GILMAN et al., Appellants; BENJAMIN F. PICOLA et al., Respondents.— Appeal from an order at Special Term dated July 20, 1945, denying a motion by appellants, Michael Gilman and Mary Gilman, to dismiss the petition of Benjamin F. Picola for a dissolution of the Gotham Tissue Corporation, and to vacate an order of Honorable MARTIN W. DEYO to show cause why such corporation should not be dissolved, which order to show cause was made returnable before the referee. A similar proceeding was brought for the dissolution of the Gotham Paper Mills, Inc. In that case the issues raised are the same and affect the same parties. By stipulation the appeals have been consolidated and only the papers in the Gotham Tissue Corporation are before the court. The petition was brought under section 103 of the General Corporation Law by the holders of one half of the stock entitled to vote at an election of directors. Dissolution is sought upon the claim that the corporation has an equal number of directors who are equally divided regarding the management of the affairs of the corporation. The petition is attacked upon the ground that it fails to show the jurisdictional requirements of the General Corporation Law for various reasons. The propriety of dissolving the corporation will be determined by the referee. Only the sufficiency of the petition is for the consideration of this court. The petition states sufficient facts to comply with the statutes. Order denying motion to dismiss the petition and denying the motion to vacate the order to show cause is affirmed, with $10 costs in each case. All concur.

ROBERT J. TRUEWORTHY et al., Respondents, v. DUBUQUE FIRE & MARINE INSURANCE COMPANY, Appellant. ROBERT J. TRUEWORTHY et al., Respondents, v. PAUL REVERE FIRE INSURANCE COMPANY, Appellant.— Appeal by defendants from an order denying motion to dismiss plaintiffs' complaints to recover upon fire insurance policies or in the alternative to make the complaints more definite and certain. The complaints disclose that the actions are brought upon the theory that plaintiffs have fully complied with all provisions of the policy except as to an appraisal, and that the policy provision as to appraisals had been waived by the defendants by their refusal to appoint appraisers to work with the plaintiffs' appraisers. Order affirmed, with $25 costs in one action. All concur.

In the Matter of the Claim of GEORGE L. REEVE, Appellant, against C. E. CHAPPELL & SONS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board disallowing his claim for compensation. The question involved is whether claimant was an employee or independent contractor. The board found that he was an independent contractor. The evidence sustains the finding. Decision affirmed, without costs. All concur.