Per Curiam.

Section 106 of the General Corporation Law provides that if Special Term entertains a petition for dissolution of a corporation in case of deadlock under section 103 “ the court must make an order, requiring all persons interested in the corporation to show cause before it, or before a referee designated in the order, at a time and place therein specified, not less than six weeks after the granting of the order, why the corporation should not be dissolved.”
Appellant contends that the petition for dissolution was insufficient and, failing in this, that a referee should not have been appointed ex parte to hear the dissolution proceeding. The petition is sufficient in law. On the other hand, although the appointment of a referee ex parte was not void in view of the language of the statute, it is held to have been an abuse of discretion. The authorization in the statute to direct the hearing and determination of such a proceeding by a referee was " doubtless provided mainly to enable the Special Term to grant a compulsory reference without the consents, of all parties in *52 interest. But referring the proceeding over objections is different from doing so without affording opportunity to express objections. This was illustrated in Matter of Baumann (201 App. Div. 136, affd. 234 N. Y. 555), where the referee named ex parte turned out to be an attorney representing interests adverse to that of some of the stockholders in the corporation to be dissolved. The court added (201 App. Div., p. 138).: “ The substituted referee has been named upon notice with the opportunity to the non-consenting stockholders and directors to make such objection to the referee as they might choose to make.”
The order to show cause herein published and served pursuant to sections 107 and 108 of the General Corporation Law should, as a matter of discretion, have been made returnable at Special Term which could have disposed of the proceeding or referred it after first noting the appearances, receiving opposing affidavits and hearing such objections as might have been urged against any reference proposed. After this has been done, if a referee is tó be appointed, it is not necessary to publish and serve notice again under sections 107 and 108 of the General Corporation Law in order to bring on the hearing before the referee which can be accomplished by the referee’s giving notice in like manner as in. bringing other litigated matters to trial before a referee to those whose appearances were recorded at the Special Term on return of the order to show cause.
The order appealed from should be modified by striking from the order to show cause dated October 18,1946, signed by Honorable Louis A. Valente, the provision for the appointment of a referee and by making said order to show cause returnable at Special Term, and as so modified affirmed, except as to the dates, with $20 costs and disbursements to the appellant.