Cohn, J.
(dissenting). The appointment of a referee in the order to show cause made upon a petition initiating the proceeding is directly authorized by section 106 of the General Corporation Law.
Where, as is impliedly conceded here, the petition sets forth that the corporation “ has an even number of directors who are equally divided respecting the management of its affairs,” (General Corporation Law, § 103, as amd. by L. 1944, eh. 176), the court may entertain an application for the dissolution of a corporation. In such case, “ the court must make an order, requiring all persons interested in the corporation to show cause' before it, or before a- referee designated in the order ” why the corporation should not be dissolved (General Corporation Law, § 106; emphasis mine). The order to show cause *53 was in strict accord with, the provisions of the statute and the Special Term was right in refusing to set it aside or to modify it. (Matter of Gotham Tissue Corporation, 269 App. Div. 922; Petition of Lynch, 54 N. Y. S. 2d 111; Matter of Kaufman Circle Express Co., Inc., 177 Misc. 106.)
Since 1889 the statute has provided for the ex parte designation of a referee in a proceeding of this kind (L. 1889, ch. 314). So far as I have been able to discover, the practice of appointing a referee in the order to show cause upon a petition alleging the necessary jurisdictional facts has been followed consistently over the years without any criticism (1 White on New York Corporations, art. 9, § 106; 7 White on New York Corporations, p. 450, Form No. 1124; 6 Wait on New York Practice, p. 863).
■How then can it be said that the making of the order to show cause which is clearly sanctioned by the statute and is in conformity with the well-established practice, is an abuse of discretion?
In Matter of Baumann (201 App. Div. 136) referred to in the Per Curiam opinion, it is true that the referee named ex parte turned out to be an attorney representing interests adverse to that of some of the stockholders in the corporation to be dissolved. Even if the order to show cause in that case had been made returnable before the court and a referee then appointed, the same kind of difficulty could have arisen since the name of the referee seldom becomes known until after the designation is made by an order. It is to be noted that in Matter of Bauman (supra) this court stated that the ex parte order appointing the referee “ was strictly in accord with the provisions of the statute ” (p. 137).
Moreover, the order of modification to be entered upon the majority opinion here must require a new publication of the notice to all interested parties, involving additional expense and delay, while the corporation is paralyzed by the deadlock (General Corporation Law, § 107).
I, accordingly dissent and vote for affirmance of the order.
Martin, P. J., Dore and Van Voorhis, JJ., concur in Per Curiam opinion; Cohn, J., dissents in opinion in which Grennon, J., concurs.
Order modified by striking from the order to show cause dated October 18, 1946, signed by Honorable Louis A. Várente, the provision for the appointment of a referee and by making said order to show cause returnable at Special Term, and as so modified affirmed, except as to the dates, with $20 costs and disbursements to the appellant. Settle order on notice.