Louis L. Friedman, J.
Respondent moves before this court for an order opening his default in appearing in an application made by petitioner pursuant to section 103 of the General Corporation Law for a voluntary dissolution of a domestic corporation. At the time of the argument of the motion, petitioner con *102 sented that the default be opened and that the application under section 103 of the General Corporation Law be heard on its merits. The default was thereupon opened and the application will be determined on the merits. The order previously entered is thereupon vacated.
Petitioner and respondent are brothers-in-law, and are the sole and equal stockholders of this corporation. The corporation is authorized to issue 200 shares of no par value stock under the provisions of its certificate of incorporation, but only three shares have been issued, and each of the parties is the owner of one and one-half of such shares. Although the certificate of incorporation provides for a minimum of three directors, only the two parties hereto hold such office, and the papers before the court indicate that since it is necessary that 80% of the directors or stockholders be present to constitute a quorum for the transaction of business, and 100% of the quorum votes are necessary to pass any resolution, an impasse has been reached because of the disagreement between these two parties.
The papers sufficiently reveal that there is a complete and absolute deadlock concerning the business and affairs of this corporation, and if this state of affairs continues, there will be a resultant inability to properly and efficiently carry on the corporate functions. Because of the irreconcilable and divergent interests, there is an inability to elect a complete board of directors. Where a corporation has directors who are equally divided regarding the management and affairs of the corporation, and an impasse has been reached, the petition states facts sufficient to comply with the requirements of section 103 of the General Corporation Law (Matter of Gotham Tissue Corp., 269 App. Div. 922). It is not even necessary that there be a meeting of the stockholders in order to finally determine that directors could not be elected (Matter of Lynch, 54 N. Y. S. 2d 111), although the papers here indicate that there was such a meeting of stockholders and the third director could not be elected.
Under the circumstances, the petition is sufficient to justify the granting of the relief prayed for under section 103 (Matter of Acker & Jablow, 124 N. Y. S. 2d 298, affd. 282 App. Div. 941), and the matter will be referred to an Official Referee of this court for further proceedings consistent with the General Corporation Law.
The original petition before the court also prays for the appointment of a receiver. Section 110 of the General Corporation Law provides that a temporary receiver may only be appointed when it appears that the corporation is insolvent. Such does not appear to be the case here and under such cir *103 cumstances, the court is without power to appoint a temporary receiver (Matter of Greenwald, 248 App. Div. 590; Garibaldi v. City of Yonkers, 198 Misc. 1100, 1104). Where it appears, however, that the corporate assets, even though the corporation be now solvent, are in danger of dissipation and that by reason thereof insolvency may result, the court may then appoint a receiver, notwithstanding the present solvency of said corporation (Matter of Martin Auto Sales, 63 N. Y. S. 2d 686). Petitioner alleges that respondent has an individual claim against the corporation for the repayment of a loan, and if respondent presses this claim, insolvency will result. That phase of the motion is therefore likewise referred to the Official Referee who will hold necessary hearings on the companion portion of the motion, to hear and report to this court with respect to the necessity for the appointment of a receiver and so much of the motion as prays for such appointment will thereupon be held in abeyance pending the coming in of said Referee’s report.
Settle order on notice.