In the Matter of the Dissolution of 3260 PERRY AVE. REALTY CORP. ALEXANDER DE BURR, Appellant; JULIUS DE BURR, Respondent.

First Department, December 7, 1954.

*Michael I. Winter* for appellant.

*Alfred L. Krasner* for respondent.

*Per Curiam.* The petition alleges an equal division of stock ownership and stagnation of corporate policy and activity, and seeks a dissolution of the corporation pursuant to section 103 of the General Corporation Law. The answering papers raise issues of fact which indicate that the decision on the question of dissolution will likely call for a nice judgment and sound discretion.

Decision in such a situation should be reached and rendered by the court rather than by a referee. A referee functions primarily as an aid to the court and the responsibility of decision remains with the court. In corporate dissolution matters, however, the determination of facts made by a referee becomes binding upon the Special Term and the court loses control of the

adjudication of the facts (*Matter of Seamerlin Operating Co.* [*Searing-Merlino*], 307 N. Y. 407). It seems to us, therefore, that the policy and practice should be established of not referring these matters to referees except in instances where the facts are very complicated and extended hearings would be required.

We may say generally that referees should be appointed only in cases where the factual situation is so intricate and ascertainment of the facts will be so time-consuming that a substantial saving of court time would be expected to result. A positive advantage arises when the court hears the matter in the first instance and thereby gains a direct and not merely mediated insight into the facts, conditions and personal equations involved in a controversy. This is especially true in corporate dissolution proceedings in view of the limitation upon the power of the court to deal with the facts after having made an order of reference.

If the facts are not unduly complicated, or if the court is of opinion it should retain direction of the adjudication of the facts as a matter of sound judicial administration, the factual examination should be made by the court itself. We are of opinion that the facts in the simple corporate and business enterprise in the present case do not make a reference desirable.

The order should be modified insofar as it refers the issues raised by the petition and answering affidavit to a referee to hear and report, and the proceeding remitted to the Special Term for further consideration and, as thus modified, the order should be affirmed.

PECK, P. J., CALLAHAN, BREITEL, BASTOW and BERGAN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed with costs to the appellant and the proceeding remitted to Special Term for further consideration. [See *ante,* p. 882.]