In the Matter of the Dissolution of WHITEHALL ART CO., INC. WALTER M. RIEMAN, Respondent; WALTER STEIN, Appellant.

First Department, October 7, 1958.

*Edward J. Bennett* of counsel (*Corbin, Bennett & Delehanty,* attorneys), for appellant.

*Mervin Rosenman* for respondent.

*Per Curiam.* In this proceeding brought by a 50% stockholder for dissolution of a corporation pursuant to article 9 of the General Corporation Law, Special Term directed all interested parties to show cause before a Special Referee why the corporation should not be dissolved and appointed a temporary receiver.

Whitehall Art Co., Inc., the corporation which petitioner seeks to dissolve, was organized in 1945 to deal in art objects. The stock ownership was divided, with 50% owned by petitioner and the other 50% owned by respondent Stein. The original board of directors, which included petitioner, Stein and one Shalek, who is an attorney for Stein, is still functioning, there having been no election of a new board since that time.

Between 1945 and 1948, the corporation purchased a number of pieces of jade and some etchings at a total cost of $7,890. The funds for such purchases were contributed mainly by respondent Stein. For almost 10 years the corporation was

inactive; and the inventory remains the same although its present reduced market value is approximately $4,000. Hostility developed between the two equal stockholders. When Stein suggested an orderly liquidation of the corporation's assets through a reputable dealer or auctioneer, petitioner countered with a stockholder's derivative action.

Clearly on the basis of the papers before Special Term, petitioner did not establish an absolute right to a dissolution. In *Matter of Radom & Neidorff* (307 N. Y. 1, 7) the court said: '' The prime inquiry is, always, as to necessity of dissolution, that is, whether judicially-imposed death ' will be beneficial to the stockholders or members and not injurious to the public ' (General Corporation Law, § 117; *Hitch* v. *Hanley* [132 N. Y. 212], *supra*; 1944 Report of N. Y. Law Revision Commission, p. 354, also cases from jurisdictions cited in that report in the footnotes to p. 363; *Matter of Pyrolusite Manganese Co.*, 29 Hun 429; *Matter of George W. Anderson, Inc.*, 104 N. Y. S. 2d 184, affd. 279 App. Div. 594).''

The conflicting averments in the petition and answer raise questions as to the good faith of petitioner and as to the advisability of a dissolution. Consequently, the parties are entitled to a hearing and an opportunity to present their proofs on the contested questions.

However, this court has held that where the facts are not complicated and extended hearings are not necessary, the factual examination in these dissolution proceedings should be made by the court and not by a referee. (*Matter of 3260 Perry Ave. Realty Corp.* [*De Burr*], 285 App. Div. 71.) Unquestionably, the issues here are not intricate and their resolutions will not be too time consuming. Decision as to the advisability of a dissolution should be made by the court and not by a referee in the instant case.

Moreover, there was no necessity for the appointment of a temporary receiver. There was no clear showing of insolvency. (See General Corporation Law, § 110.) No outside creditors are involved. Furthermore, the inventory has sat undisturbed for 10 years and there is no dispute that it should be sold. Only the method of sale is in controversy. A receiver will add nothing to the solution of that problem and will only burden an already unprofitable enterprise with additional expense. (See *Matter of Second Ave. Roumanian Kretchma*, 285 App. Div. 877; *Matter of Greenwald* [*United Kitchen Equipment Co.*], 248 App. Div. 590.)

The order appealed from should be modified on the law, on the facts and in the exercise of discretion, to the extent of elimi-

nating the provisions for a reference to hear and report and the appointment of a temporary receiver, and the proceeding remitted to Special Term for consideration, and, as so modified, the order should be affirmed, with costs to appellant.

RABIN, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Order unanimously modified on the law, on the facts and in the exercise of discretion, to the extent of eliminating the provisions for a reference to hear and report and the appointment of a temporary receiver, and the proceeding remitted to Special Term for consideration, and, as so modified, the order is affirmed, with costs to the appellant.

Settle order.