In the Matter of the Dissolution of CLEMENTE BROS., INC., Appellant. SALVATORE F. CLEMENTE, Respondent; MARIA CLEMENTE et al., Appellants.— In a voluntary dissolution proceeding instituted pursuant to article 9 of the General Corporation Law upon the petition of Salvatore F. Clemente, one of two equal owners of its shares of capital stock entitled to vote at an election of directors, Clemente Bros., Inc., the entity sought to be dissolved, and the individual respondent therein, Maria Clemente, who owns the remainder of such stock, appeal from orders of the Supreme Court at Special Term which disposed of various motions by the parties. (1) The corporation and the individual stockholder appeal from an order entered in the Rensselaer County Clerk's office on November 3, 1961 which required all persons interested in the corporation to show cause before a nonofficial Referee therein designated why the corporation should not be dissolved and directed the publication and service of the order. In the light of the circumstances of this case we think that the discretion exercised by Special Term ought not to be disturbed. Order affirmed, without costs. Settle order which will fix the date for the reconvention of the hearing before the Referee. (2) The corporate respondent appeals also: (a) from an order entered August 14, 1962 granting petitioner's cross motion to strike its appearance in the proceeding and the answer filed with the Referee; we conclude that the appellant corporation is a proper jural party to the proceeding for the limited and passive purpose of rendering it amenable to the orders of the court (Business Corporation Law, § 1106, as renum. by L. 1962, ch. 834, § 82, eff. Sept. 1, 1963; Revisers' Notes & Comment [p. 219]; *Matter of Industrial Psychology* v. *Simon,* 16 A D 2d 114; General Corporation Law, §§ 106, 110, 111); in case of a deadlock of its stockholders section 103 of the General Corporation Law grants the corporation as a separate entity no authority to determine whether a proceeding shall be initiated to dissolve itself; nor does the exercise by a qualified stockholder of his statutory prerogative to seek dissolution give it standing to litigate the issue of an asserted privilege to remain undissolved; " The prime inquiry is, always, as to necessity for dissolution, that is, whether judicially-imposed death ' *will be beneficial to the stockholders* or members *and not injurious to the public*' (General Corporation Law, § 117) "; (*Matter of Radom & Neidorff,* 307 N. Y. 1, 7; emphasis supplied); reliance by the appellant corporation upon our prior decision (12 A D 2d 694) as the basis for its militant alignment on the side of one of two equal, discordant stockholders is unwarranted; order modified by permitting the respondent corporation to file a notice of appearance with the Referee and, as so modified, affirmed, without costs; (b) from so much of separate orders entered on August 14, 1962 as granted petitioner's motion to vacate its demand for a bill of particulars and a notice to take the deposition of petitioner before trial; our view of the nominal status and function of the corporate entity in the proceeding precludes recourse to these pretrial remedies; orders, insofar as appealed from, affirmed, without costs; (c) from an order entered November 5, 1962 denying its motion, the purport of which was to review the decision of a court of co-ordinate jurisdiction; order affirmed, without costs. (*Mount Sinai Hosp.* v. *David,* 8 A D 2d 361, motion for leave to appeal denied 9 A D

2d 641.) (3) The individual stockholder further appeals from an order entered on August 14, 1962 which granted in part petitioner's motion to strike the separate defenses alleged in her answer. The stricken SIXTH defense alleged in substance that the dissolution is sought in bad faith and constitutes a conspiratorial effort on the part of petitioner to injure and destroy the corporation to the financial enhancement of a competing one created and operated by members of his immediate family. As between contesting stockholders the good faith of petitioner is an issue in the proceeding. (*Matter of Seamerlin Operating Co.* [*Searing-Merlino*], 307 N. Y. 407, 413; *Matter of Rateau Sales Co.*, 201 N. Y. 420, 424–425; *Matter of Whitehall Art Co.*, 6 A D 2d 399, 400.) Thus it was error to eliminate this defense. Order modified, on the law and the facts, by reinstating the SIXTH separate defense alleged in the answer and, as so modified, affirmed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.