■ In the Matter of WILLIAM MANELA, for Judicial Dissolution of Hello Love, Ltd. WILLIAM MANELA et al., Appellants; SAUL POZENSKY et al., Respondents.—Order, Supreme Court, New York County, entered December 12, 1977, denying petition for judicial dissolution of the corporation pursuant to section 1104 of the Business Corporation Law, on the ground that petitioner failed to demonstrate that he owned 50% of the corporation's voting stock, unanimously reversed, on the law, without costs and without disbursements, petition reinstated, and hearing directed as to petitioner's status. This was a proceeding for judicial dissolution of a corporation pursuant to section 1104 of the Business Corporation Law to which were joined causes of action seeking damages for alleged corporate waste and mismanagement, breach of contract, conversion, and goods sold and delivered. Petitioner alleged in substance that the corporation, Hello Love, Ltd., was incorporated pursuant to an agreement between himself and one Saul Pozensky, whereby each was to receive 50% of the voting shares. Petitioner alleged that he was subsequently "locked out" from the operation of the business. The answer acknowledges the original agreement, but goes on to assert in some detail that it was thereafter modified as a result of petitioner's failure to pay the agreed amount. The answer further asserts that it was then agreed that petitioner would receive 25% of the stock for an equivalent investment, and that thereafter petitioner relinquished all interest in the corporation in exchange for the payment of a sum of money. The first question under section 1104 of the Business Corporation Law is, of course, whether or not petitioner is the owner of "one-half of all outstanding shares * * * entitled to vote in an election of directors". Petitioner's claim to be the equitable owner of the required percentage of voting shares presents an issue of fact that cannot be resolved on the basis of the papers submitted. A hearing to determine this threshold issue is required. Concur—Lupiano, J. P., Birns, Lane, Markewich and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COLLIER, Appellant.—Judgment, Supreme Court, New York County, rendered June 26, 1975, convicting defendant after jury trial of two counts of robbery, second degree, grand larceny, third degree, assault, second degree, and possession of a weapon, fourth degree, unanimously modified, on the law, to reverse the larceny and assault convictions and dismiss those counts of the indictment, and otherwise affirmed. On the facts of this case, defendant could not have committed the robbery without also committing the grand larceny and assault. Those are inclusory and concurrent counts (CPL 300.30, subd 4). "Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b])." (People v Grier, 37 NY2d 847, 848.) We have examined the other points urged by appellant and find them without merit. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.

■ In the Matter of JOHN J. DE LURY et al., Respondents, v ABRAHAM D. BEAME, as Mayor of the City of New York, et al., Appellants.—Judgment, Supreme Court, New York County, entered on August 20, 1976, unanimously affirmed for the reasons stated by Saypol, J., at Special Term, without costs and without disbursements. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.