In the Matter of PAULINE TAVLIN, Respondent, v MUNSEY CANDLE-LIGHT CORP., Appellant.—In a proceeding to dissolve a corporation pursuant to section 1104 (subd [a], pars [2], [3]) of the Business Corporation Law, the Munsey Candlelight Corp. appeals from (1) an order of the Supreme Court, Nassau County, dated June 29, 1978, which denied its cross motion to dismiss the petition and directed that a note of issue and statement of readiness be filed by a certain date and (2) a further order of the same court, dated September 6, 1978, which granted petitioner's unopposed motion to resettle the prior order as to the date upon which the note of issue and statement of readiness were to be filed. Appeal from the order dated September 6, 1978 dismissed. No appeal lies from an order entered upon default. Order dated June 29, 1978 affirmed. Petitioner is awarded one bill of $50 costs and disbursements. Petitioner and her husband, Michael Tavlin, each owned 25% of the stock of the appellant corporation. On February 29, 1976 Michael Tavlin died and, in January, 1977, his shares were transferred to petitioner. However, the corporate stock book did not reflect this transfer. Thereafter, petitioner commenced this proceeding to dissolve the corporation. Appellant seeks the dismissal of this proceeding, *inter alia,* on the grounds that the petitioner is not a holder of one half of all outstanding shares of the corporation entitled to vote in an election of directors (see Business Corporation Law, § 1104, subd [a]), and a stockholders' agreement signed by petitioner requires unanimous consent of the stockholders for dissolution which has not been obtained here. In our view it is beyond cavil that petitioner holds and owns one half of all outstanding shares of the appellant entitled to vote in an election of directors (cf. *Matter of Manela [Pozensky],* 63 AD2d 562; *Matter of Stewart Becker, Ltd. v Horowitz,* 94

Misc 2d 766). The failure of the corporate records to acknowledge petitioner's status and the transfer of Michael Tavlin's shares does not deny petitioner her proper status for purposes of section 1104 of the Business Corporation Law. Regarding the need for unanimity, appellant relies on a stockholders' agreement and an amendment thereto (which was made as a result of a change in the marital status of shareholder Zimmerman) that provides that "no heirs of any of the stockholders shall have the right to force a liquidation * * * except by unanimous agreement among the stockholders." Appellant contends that petitioner is an heir of Michael Tavlin and that therefore she cannot seek dissolution without unanimity. We disagree. The agreement does not evince an intention that a stockholder who is a signatory to the agreement is to be barred from seeking statutory dissolution because she is also an heir. Finally, we note that contrary to appellant's contention, dissolution is not to be denied merely because a corporate business has been or could be conducted at a profit. From the papers submitted it appears that there is dissension among the stockholders. We agree with Special Term that a trial should be held to determine if dissolution would, in fact, be beneficial to the stockholders. Suozzi, J. P., Lazer, Rabin and Cohalan, JJ., concur.