■ In the Matter of GEORGE S. MYERS, Respondent, v HARRY J. GOLD, Appellant.—In a proceeding for the judicial dissolution of a domestic corporation, the appeals are from (1) an order of the Supreme Court, Nassau County, dated January 24, 1980, which, inter alia, ordered the dissolution of the corporation and appointed a receiver to collect and distribute the corporation's assets and (2) a further order of the same court, dated January 25, 1980, which "supplemented" the prior order by, inter alia, striking the "sixth" and "ninth" decretal paragraphs of said order and authorizing the receiver to perform certain acts. Orders modified, on the law, by deleting therefrom the provisions which granted dissolution. As so modified, orders affirmed, without costs or disbursements, and proceeding remitted to Special Term for a hearing consistent herewith. The trial of this dissolution proceeding pursuant to section 1104 (subd [a], par [3]) of the Business Corporation Law was truncated by a purported stipulation of settlement after the parties and Trial Justice conferred in chambers. However, the stipulation does not suffice to dispose of the case because at the outset of its entry on the record appellant replied in the negative when Special Term inquired whether the parties had admitted they could not work together. Under the circumstances, a new hearing is necessary to determine whether the alleged dissension between the parties within their closely held corporation makes continued association unworkable and whether the continuance of the

corporate business no longer is advantageous to the shareholders (see Business Corporation Law, § 1104, subd [a], par [3]; *Matter of Talvin v Munsey Candlelight Corp.,* 69 AD2d 865; see, also, Legislative Studies & Reports, McKinney's Cons Laws of NY, Book 6, Business Corporation Law, § 1104, p 175; 4 White, NY Corporations, pars 1104.01, 1111.01, subd [3]). Allegations of petitioner's bad faith constitute a defense to a dissolution proceeding and must be heard by Special Term as well (see *Matter of Clemente Bros.,* 19 AD2d 568, affd 13 NY2d 963; *Matter of Whitehall Art Co.,* 6 AD2d 399; *Matter of Surchin v Approved Business Machs. Co.,* 55 Misc 2d 888; *Mares v Foster,* 35 Misc 2d 852, affd 19 AD2d 695). We have concluded, nevertheless, that the receiver should maintain his position in the interim. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.