■ In the Matter of FRED GUNZBERG et al., Respondents, v ART-LLOYD METAL PRODUCTS CORP., Appellant.—In a proceeding pursuant to Business Corporation Law § 1104-a seeking a judicial dissolution of a closely held corporation, Art-Lloyd Metal Products Corp. appeals from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated July 27, 1984, which

ordered the dissolution of the corporation unless it or any of its shareholders elects to purchase all of the shares held by petitioners.

Judgment affirmed, with costs.

Petitioners are two brothers who ran the appellant corporation until 1979. The older brother, Fred Gunzberg, helped his father, Elias Gunzberg, form the corporation in 1946, and together they built it into a successful company. In 1955, petitioner Lloyd Gunzberg joined their efforts, and the two brothers were responsible for the day-to-day running of the business, while their father had the final say on all major decisions. Petitioners' younger brother, Arthur, later joined the company in 1961 upon his completion of high school. In November 1972, Elias Gunzberg suffered a stroke, and ceased to be actively involved in the corporation. In 1979, Arthur was elected president of the corporation, and another brother, Bernhard Gunzberg, and their sister, Mildred Savitt, were elected as officers on the board of directors. After litigation confirming the election, Fred and Lloyd were removed from their long-held positions, and in January 1980, as the trial court found, were fired as employees of the corporation.

Fred and Lloyd commenced this proceeding pursuant to Business Corporation Law § 1104-a seeking a judicial dissolution of the corporation based upon the majority faction's oppression. The trial court granted such relief, unless the corporation or any shareholder thereof elected to purchase all of the shares of petitioners. The corporation has appealed, claiming that petitioners failed to demonstrate that they hold more than 20% of the outstanding shares, that petitioners are barred from the relief sought because of the doctrine of "unclean hands", that petitioners did not adequately demonstrate that they were oppressed, and that petitioners failed to prove that dissolution was the only feasible means whereby they could reasonably expect to obtain a fair return on their investment. For the reasons that follow, we hold that dissolution was properly ordered.

Business Corporation Law § 1104-a (a) provides that a petition for dissolution may be presented by "[t]he holders of twenty percent or more of all outstanding shares of a corporation * * * who are entitled to vote in an election of directors". Fred testified that he held 599 of the 2,675 shares which had been issued, and Lloyd testified that he held 518 shares. Although about half of the shares each one held were in his name and that of his respective children, both Fred and Lloyd

testified that the children had assigned the shares to their respective fathers, and that the fathers were entitled to vote those shares in an election. Appellant did not introduce any evidence to refute this testimony, nor did it offer any evidence to suggest that Fred and Lloyd did not control the shares. Accordingly, there was sufficient evidence to support the trial court's finding that petitioners have standing to bring this suit.

The trial court expressly rejected appellant's version of the facts underlying its claim that petitioners have come into court with "unclean hands". Thus, even were "unclean hands" a bar to relief under Business Corporation Law § 1104-a, appellant did not adequately prove such a bar. In any event, it bears noting that "unclean hands" is not an automatic bar to such relief (*see, Matter of Topper v Park Sheraton Pharmacy,* 107 Misc 2d 25, 28). Only when a "minority shareholder whose own acts, made in bad faith and undertaken with a view toward forcing an involuntary dissolution, give rise to the complained-of oppression" should relief be barred (*Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 74). No such showing has been made in the instant case.

As a result of their long history of taking an active part in the running of the corporation, petitioners demonstrated that they had a reasonable expectation that they would continue to be employed by the company and have input into its management. In *Matter of Kemp & Beatley (Gardstein)* (*supra,* pp 71-73), the Court of Appeals acknowledged that such expectations, if not realized, amount to oppression because the major part of the earnings of a close corporation is distributed in the form of salaries, bonuses and retirement benefits.

Appellant's reliance on its "generous" offer of reemployment is misplaced. That offer would have required Fred and Lloyd to turn over all their voting rights, and to acquiesce to Arthur running the business on a permanent basis. Thus, they would have been assured of having virtually no input into the running of the corporation, which could itself be considered oppressive. Further, although appellant claims that the salary provisions would have been the same as Arthur's, the proposed agreement with Lloyd has a stated annual salary of $52,000, with no provisions for increases, while Arthur's salary was $100,000, plus a bonus. Consequently, petitioners were justified in rejecting this officer.

The fact that the corporation paid dividends in the years 1980 through 1982 does not alter the legitimacy of the finding of oppression, because, as discussed above, in a closely held

corporation, a shareholder often has a reasonable expectation of continued employment with the corporation (*Matter of Kemp & Beatley* [*Gardstein*], 64 NY2d 63, *supra*), as did the instant petitioners. Thus, even had a dividend been declared for 1983, petitioners could have maintained a proceeding based upon oppression. The fact that no dividend was declared for that year, during which Arthur received $114,000 in back pay in addition to his regular salary and a bonus, merely strengthens their position. Even if there were sound business reasons for the corporation's actions, it is clear that the ultimate beneficiary was Arthur, not petitioners. Accordingly, petitioners adequately demonstrated that they were oppressed.

Appellant claims that the remedy of dissolution was inappropriate for two reasons. First, petitioners received their shares as gifts; therefore there was no "investment" which is a prerequisite to a finding of whether there is any other means by which they can expect to obtain a "fair return on their investment" (Business Corporation Law § 1104-a [b] [1]). Second, petitioners failed to demonstrate that there is no other feasible means of protecting their interests.

The trial court found that the stock was given to Fred and Lloyd for services rendered to the corporation. This conclusion has support in the record. The record shows that Fred and Lloyd, who ran the corporation for many years, received substantially more shares than did their less active brother, Arthur, or their nonparticipating siblings, Bernhard Gunzberg and Mildred Savitt. Further, there is testimony that nonrelated key employees also received gifts of stock, undoubtedly a "bonus" for the services they performed. In any event, it seems clear that the holders of over 41% of a successful corporation are entitled to have their interests protected, regardless of whether or not those shares were received as gifts (*Gimpel v Bolstein,* 125 Misc 2d 45). Thus, the remaining question is whether the trial court abused its discretion in ordering dissolution in order to afford such protection.

The Court of Appeals has held that where a petitioner has "set forth a prima facie case of oppressive conduct, it should be incumbent upon the parties seeking to forestall dissolution to demonstrate to the court the existence of an adequate, alternative remedy" (*Matter of Kemp & Beatley* [*Gardstein*], 64 NY2d 63, 73-74, *supra*). Appellant has failed to suggest any alternative remedy, adequate or otherwise. Furthermore, the Court of Appeals stated that a "court has broad latitude in fashioning alternative relief, but when fulfillment of the oppressed petitioner's expectations by these means is doubtful,

such as when there has been a complete deterioration of relations between the parties, a court should not hesitate to order dissolution" (*Matter of Kemp & Beatley [Gardstein]*, *supra*, at p 74). A more accurate description of the instant situation could scarcely be formulated. Hence, the trial court cannot be said to have abused its discretion in ordering a dissolution conditioned upon permitting a shareholder or the corporation to elect to purchase all of petitioners' stock at fair value. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.