■ In the Matter of JOHN IMPERATORE, Appellant. FOREST TRANSMISSIONS, INC., Respondent.—In a proceeding pursuant to Business Corporation Law § 1104-a to dissolve Forest Transmissions, Inc., and for the appointment of a receiver pursuant to Business Corporation Law § 1113, the petitioner appeals from a judgment of the Supreme Court, Richmond County

(Sangiorgio, J.), dated December 17, 1985, which summarily dismissed the petition, without a hearing, and which vacated an order dated May 24, 1985, which temporarily restrained the respondent from, *inter alia,* selling or otherwise disposing of any of the property, assets, contracts, rights or effects.

Ordered that the judgment is reversed, on the law, with costs, the temporary restraining order is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

Business Corporation Law § 1104-a (a) (1) permits the dissolution of a close corporation upon the petition of a minority shareholder owning 20% or more of the company's outstanding shares when it is established that those in control have engaged in "oppressive actions" towards him. A minority shareholder is oppressed when the "majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the [shareholder's] decision to join the venture" *(Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 73). In this case, it is undisputed that the petitioner, who owns 20% of the shares of the corporation, decided to join with Charles Fox and John Jordan in the formation of Forest Transmissions, Inc. (hereinafter the corporation) based upon the understanding that he would be employed at a salary of $409 per week as the mechanic or " 'technical man' " for the transmission shop which the corporation intended to operate. As a result, the petitioner invested $10,000 in cash in the corporation and provided it with materials and equipment which he claimed were worth at least $7,000.

The petitioner claimed that in or about December 1982 or February 1983 Fox and Jordan decided to discontinue paying him for his labors as the mechanic for the transmission shop, and that he resigned, being unable to support himself and his family without the salary, which was apparently his sole source of income. Fox and Jordan claim that the reason for the discontinuation of the petitioner's salary was that the corporation had fallen into poor financial condition, largely as a result of the petitioner's ineffective performance in his job as " 'technical man' ". They further point out that the decision to cease paying salary also applied to Fox, who is business manager for the corporation, and had been drawing a salary of $489 per week. Fox, however, was apparently the owner with Jordan of another transmission shop from which he earned an independent income.

Under the circumstances, we conclude that Fox and Jor-

dan's decision to cease paying a salary to the petitioner constituted an "oppressive" action under Business Corporation Law § 1104-a (a) (1) justifying commencement of this proceeding. The petitioner clearly agreed to join the venture pursuant to the understanding that he would be provided with salaried employment as the transmission shop's mechanic, and he reasonably expected such salaried employment to continue for so long as the corporation existed (see, Matter of Kemp & Beatley [Gardstein], supra, at 72-73; Matter of Gunzberg v Art-Lloyd Metal Prods. Corp., 112 AD2d 423, 425-426; Matter of Wiedy's Furniture Clearance Center Co., 108 AD2d 81, 84; Matter of Topper v Park Sheraton Pharmacy, 107 Misc 2d 25, 33). While the petitioner could not reasonably complain if his salary were reduced based upon inadequate performance, in this case his salary was totally eliminated. If the corporation had actually fallen into such poor financial condition that it could not afford to pay him any salary, the petitioner could reasonably expect that Fox and Jordan would agree to its voluntary dissolution. The fact that Fox's salary was also terminated does not effect the reasonableness of the petitioner's expectation that he would be provided with continuous salaried employment during the existence of the corporation.

Not only do we conclude that Fox and Jordan's termination of the petitioner's salary was an "oppressive" action under Business Corporation Law § 1104-a (a) (1), but we are also of the view that given this evidence of oppression, Special Term should have held that dissolution was warranted since the complete "deterioration in relations" between the petitioner and the majority shareholders made it unlikely that the petitioner's reasonable expectations could be fulfilled by an alternative remedy (see, Matter of Kemp & Beatley [Gardstein], supra, at 74; Matter of Gunzberg v Art-Lloyd Metal Prods. Corp., supra, at 426-427). However, before any dissolution may be accomplished, the majority shareholders must be given the opportunity to elect to purchase the petitioner's shares at their fair value (see, Matter of Kemp & Beatley [Gardstein], supra, at 74; Business Corporation Law § 1118).

The question of whether the petitioner was entitled to appointment of a receiver was not reached by the Supreme Court, Richmond County, in view of the fact that it concluded that since the petitioner was not oppressed, he was not entitled to dissolution and was thus not entitled to the appointment of a receiver.

Accordingly, we remit this matter to the Supreme Court, Richmond County.

We further note that, before deciding whether the appointment of a receiver is justified, the petitioner should be permitted to have the books and records of the corporation examined by an accountant, and the petitioner should be permitted to present to the court any further evidence bearing on the question of the need for a receiver that is acquired as a result of such examination.

We also remit to the Supreme Court, Richmond County, the issues raised in the cross motion by the New York State Department of Taxation and Finance for the inclusion, in any judgment of dissolution issued by the court, of a provision that the distribution of assets be deferred until franchise taxes are fully and finally paid, and for an immediate order, directing the corporation to file franchise tax reports and remittances due. Special Term did not reach the issues posed in this cross motion, having decided that dissolution of the corporation was unwarranted.

Pending resolution of these matters, the temporary restraining order is reinstated. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.