■ In the Matter of JOHN O'NEILL, Appellant-Respondent.

MALLOY AIR EAST, INC., Respondent-Appellant. [626 NYS2d 813]
—In the proceeding pursuant to Business Corporation Law
§ 1104-a for the judicial dissolution of a closely held corpora-
tion and for other relief, the petitioner appeals, as limited by
his brief, from so much of an order of the Supreme Court,
Suffolk County (Gerard, J.), dated February 24, 1993, as de-
nied the petition, and Malloy Air East, Inc., cross-appeals
from so much of the same order as directed it to alter the
corporate financial structure to provide for the payment of
dividends or to offer to purchase the petitioner's interest in
the corporation.

Ordered that the order is modified by deleting the provisions
thereof which directed Malloy Air East, Inc., to alter the
corporate financial structure to provide for payment of divi-
dends to the petitioner for his share of any profits, or to
purchase the petitioner's interest in the corporation; as so
modified, the order is affirmed insofar as appealed and cross-
appealed from, without costs or disbursements, and the matter
is remitted to the Supreme Court, Suffolk County, for further
proceedings in accordance herewith.

The petitioner John O'Neill and Patrick E. Malloy III
created Malloy Air East, Inc. (hereinafter the corporation) in
1979. The shareholders' agreement provided that Malloy
would own 51 of the 100 outstanding shares, and O'Neill
would own the remaining 49 shares. The agreement also
indicated that O'Neill would be employed by the corporation
at an annual salary of $25,000. The primary asset of the
corporation was a lease to operate the County-owned airport
in Westhampton. Although a board of directors resolution
provided for distribution of corporate profits, no dividends
were distributed.

In 1982, O'Neill was arrested, and was subsequently con-
victed of, *inter alia,* conspiring to import controlled substances
through the airport. Malloy immediately fired O'Neill as an
employee and removed him as an officer and director of the
corporation. Since that time O'Neill has been completely
"frozen out" of the corporation, i.e., has not received a salary
or dividends and has not participated as an employee, share-
holder, officer, or director.

O'Neill commenced this proceeding for dissolution on the
ground of oppressive conduct by Malloy *(see,* Business Corpora-
tion Law § 1104-a [a]) and for "such other and further relief as
the court deems just and proper". The Supreme Court found
that O'Neill had not demonstrated that Malloy had engaged

in oppressive conduct, and denied the petition for dissolution. The court concluded, however, that while O'Neill could not expect to participate in the day-to-day operations of the corporation, he was entitled to his rights as a shareholder, and the court directed Malloy to either alter the corporation's financial structure to commence the payment of dividends, or offer to purchase O'Neill's interest in the corporation.

While the Supreme Court correctly reasoned that O'Neill could not reasonably expect to manage the daily operations of the corporation following his arrest and conviction of importing controlled substances through the airport, the court did not find that his exclusion from the day-to-day operation of the corporation constituted oppressive conduct warranting dissolution under Business Corporation Law § 1104-a (a) (1) *(see, Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 72-73; *Matter of Gunzberg v Art-Lloyd Metal Prods. Corp.,* 112 AD2d 423, 425; *Matter of Imperatore,* 128 AD2d 707, 708-709). Contrary to the respondent-appellant's arguments, O'Neill's illegal acts do not bar him from seeking relief, inasmuch as there is no indication that the acts were undertaken with the intent of forcing an involuntary dissolution of the corporation *(see, Matter of Kemp & Beatley [Gardstein], supra,* at 74; *Matter of Burack [I. Burack, Inc.],* 137 AD2d 523, 526-527; *Matter of Gunzberg v Art-Lloyd Metal Prods. Corp., supra,* at 425).

Accordingly, upon searching the record, and upon the petition requesting "such other and further relief as the court deems just and proper", we note that the shareholder's agreement may give the petitioner additional rights and, therefore, this matter is remitted to the Supreme Court, Suffolk County to determine what rights, if any, O'Neill has as a stockholder pursuant to the stockholders' agreement between himself and the corporation. O'Brien, Hart and Friedmann, JJ., concur.

Balletta, J. P., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provisions thereof which directed Malloy Air East, Inc., to alter the corporate financial structure to provide for the payment of dividends or to purchase the petitioner's interest therein, but not to remit the matter to the Supreme Court, Suffolk County, in the following memorandum: I concur with the majority that the order appealed from should be modified by deleting the provisions thereof which directed the respondent to alter the corporate financial structure to provide for payments of dividends to the petitioner for his share of any profits or to make an offer to buy the petitioner's interest in the corporation. However, I disagree with the majority's deci-

sion to remit the case to the trial court for the purpose of determining what rights, if any, the petitioner may be entitled to as a stockholder pursuant to the stockholder's agreement since the petitioner never asked for such relief, either before the trial court or on appeal *(see, e.g., Pinelli v De Paula Chevrolet,* 101 AD2d 643, 645), and I am unaware of any authority under the Business Corporation Law § 1104-a which provides for the relief this Court has granted.