■ In the Matter of FRANK CASSATA, Respondent, v BREWSTER-ALLEN-WICHERT, INC., et al., Appellants. [670 NYS2d 552] —In a proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution, the appeal is from an order of the Supreme Court, Suffolk County (Jones, J.), dated September 16, 1997, which, *inter alia,* granted, in part, that branch of the petitioner's motion which was for judicial dissolution of the appellant Brewster-Allen-Wichert, Inc., and granted that branch of the petitioner's motion which was for summary judgment dismissing the appellants' counterclaims.

Ordered that the order is modified by (1) deleting the provision in the first decretal paragraph granting, in part, that

branch of the petitioner's motion which was for judicial dissolution of Brewster-Allen-Wichert, Inc., and substituting therefor a provision denying that branch of the motion, (2) deleting the provision in the second decretal paragraph granting that branch of the petitioner's motion which was for summary judgment dismissing the appellants' first and second counterclaims and substituting therefor a provision denying that branch of the motion, and otherwise denying the motion, and (3) deleting the third, fourth, fifth, sixth, seventh, and eighth decretal paragraphs; as so modified, the order is affirmed, with costs to the appellants.

The petitioner, Frank Cassata, purchased 20% of the shares of Brewster-Allen-Wichert, Inc. (hereinafter BAW), a close corporation, in December 1990. A disagreement arose between Cassata and the majority shareholders (the appellants Anthony Pace, Frank Pace, Jr., John Pace, and Steve Etimos) in late 1994 regarding Cassata's purchase of an interest in a competing insurance agency which employed his son. The disagreement ultimately led to the commencement of this proceeding by Cassata for judicial dissolution of BAW pursuant to Business Corporation Law § 1104-a.

In his motion for summary judgment, Cassata made a prima facie showing of oppressive conduct, in that the majority shareholders discontinued their practice of issuing dividends to shareholders, refused to reinstate his salary, and removed his authority to sign checks on BAW's bank account (*see, Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63; *Matter of Imperatore [Forest Transmissions]*, 128 AD2d 707; *Matter of Topper v Park Sheraton Pharmacy*, 107 Misc 2d 25). We conclude, however, that it was error to grant Cassata's motion without a hearing as there are issues of fact with respect to the majority shareholders' defense of bad faith. A minority shareholder "whose own acts, made in bad faith and undertaken with a view toward forcing an involuntary dissolution, give rise to the complained-of oppression" is not entitled to redress under the statute (*Matter of Kemp & Beatley, supra,* at 74; *see also, Matter of Burack,* 137 AD2d 523). The shareholders of a close corporation owe each other a duty to act in good faith (*see, Fender v Prescott*, 101 AD2d 418, *affd* 64 NY2d 1079; *Matter of Ronan Paint Corp.*, 98 AD2d 413; *see also, Matter of Validation Review Assocs.*, 223 AD2d 134). The parties' affidavits present disputed issues of fact with respect to the claim by the majority shareholders that Cassata's actions were undertaken with a view toward forcing a judicial dissolution of BAW in order to aid the competing insurance agency in which he had a financial

interest (*see, Matter of Myers v Gold,* 77 AD2d 652; *Matter of Clemente Bros.,* 19 AD2d 568, *affd* 13 NY2d 963).

Contrary to the Supreme Court's determination, we conclude that there are issues of fact precluding summary judgment dismissing the first and second counterclaims asserted in the answer, as they are essentially based on the claim that Cassata violated his duty to act in good faith toward the majority shareholders. However, that branch of Cassata's motion which was for summary judgment dismissing the third and fourth counterclaims was properly granted as those counterclaims are legally and factually without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.