In a proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of Corfian Enterprises, Ltd., and Epiros Realty, Ltd., (1) the petitioner appeals from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated March 20, 2009, as, after a hearing, in effect, denied that branch of the petition which was for judicial dissolution of Epiros Realty, Ltd., and dismissed that portion of the proceeding, based on the affirmative defense of lack of standing, (2) Theodore Kalogiannis separately appeals from so much of the same order as dismissed his cross claim for judicial dissolution of Epiros Realty, Ltd., and dismissed that portion of the proceeding, based on the affirmative defense of lack of standing, and (3) Corfian Enterprises, Ltd., and Paul Fotinos cross-appeal from so much of the same order as, in effect, struck their affirmative defense that the petitioner and Theodoros Kalogiannis each lack standing to seek judicial dissolution of Corfian Enterprises, Ltd.
Ordered that on the Court’s own motion, the notices of appeal and cross appeal are treated as applications for leave to appeal and cross-appeal, and leave to appeal and cross-appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The Supreme Court conducted, in effect, a nonjury trial with respect to the issue of standing. In reviewing the Supreme Court’s findings of fact, this Court’s authority “is as broad as that of the trial court” and includes the power to “render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses” (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]; see Campbell v Campbell, 50 AD3d 614 [2008]; O’Brien v Dalessandro, 43 AD3d 1123 [2007]). In seeking judicial dissolution of Corfian Enterprises, Ltd. (hereinafter Corfian), and Epiros Realty, Ltd. (hereinafter Epiros), it was incumbent upon the petitioner Theano Pappas (hereinafter *680 Mrs. Pappas) and the respondent Theodore Kalogiannis to establish, prima facie, by a preponderance of the evidence, that Mrs. Pappas’s late husband, Eleftherios Pappas, and Kalogiannis were each the holders of at least 20% of the shares of Corfian and Epiros (see Business Corporation Law § 1104-a; Shea v Hambros PLC, 244 AD2d 39, 52-53 [1998]; Matter of Jordan v Arvin Signs, 203 AD2d 366 [1994]; Matter of Gunzberg v Art-Lloyd Metal Prods. Corp., 112 AD2d 423, 424-425 [1985]). On this record and in light of the Supreme Court’s opportunity to hear and evaluate the credibility of the witnesses, we find no basis to disturb the Supreme Court’s determination that Mrs. Pappas and Kalogiannis each have standing to seek judicial dissolution of Corfian, but that each lack standing to seek judicial dissolution of Epiros.
The remaining contentions of Corfian, Epiros, and Paul Fotinos relating to the issues of the statute of limitations, laches, and waiver are not properly before this Court (see Amex Assur. Co. v Kulka, 67 AD3d 614, 616 [2009]; Katz v Katz, 68 AD2d 536 [1979]). Mastro, J.P., Florio, Belen and Roman, JJ., concur. [Prior Case History: 22 Misc 3d 1113(A), 2009 NY Slip Op 50109(U).]